# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DISABILITY RIGHTS PENNSYLVANIA,** | : |
| Plaintiff, | : |
| v. | : Civ. No.: 17-4858 |
| **SCHOOL DISTRICT OF PHILADELPHIA,** et al., | : |
| Defendants | : |

## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants, The School District of Philadelphia and Dr. William R. Hite, Jr., by and through their undersigned counsel, John J. Coyle, Assistant General Counsel, hereby file an Answer to Plaintiff's Complaint, together with Affirmative Defenses, and aver as follows:

### Introduction

1. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

2. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

3. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## Jurisdiction and Venue

4. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

5. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

6. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## Parties

7. Admitted, upon information and belief.

8. Admitted. By way of further response, the School District is also established pursuant to the Philadelphia Home Rule Charter, Education Supplement.

9. Admitted in part, denied in part. It is admitted that Dr. William R. Hite, Jr. is the Superintendent of the School District of Philadelphia. All other allegations are contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

## Factual Background

10. Admitted, upon information and belief.

11. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

12. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

13. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

14. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

15. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

16. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

17. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

18. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

19. Admitted in part; denied in part. It is admitted that The School District of Philadelphia announced a proposed plan to contract with Catapult Learning to provide special education programming for students with disabilities. All other allegations are denied.

20. Admitted in part; denied in part. It is admitted that The School District of Philadelphia did not renew its contract with Wordsworth Academy. All other allegations are denied.

21. Denied as stated.

22. Denied as stated.

23. Denied as stated.

24. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

25. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

26. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

27. Denied. Any student not placed in an APS is provided FAPE in a district school in full compliance with that student's IEP.

28. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

29. Denied.

30. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

31. Denied.

32. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

33. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

34. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

35. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

36. Admitted that the email and letter were sent and received.

37. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

38. Admitted that the email was sent and received.

## **Claims**

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

41. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

42. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

43. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

44. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

45. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

46. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

47. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

48. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied

### Relief Requested

49. Answering Defendants deny that they are liable on the causes of action declared herein, and demand judgment in their favor plus interest and costs.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are outside the scope of their statutory authority and it therefore lacks standing to sue.

**WHEREFORE**, Answering Defendants deny that they are liable upon all causes of action declared upon and demand judgment in their favor, plus interest and costs.

Date: December 7, 2017

*/s/ John J. Coyle*
John J. Coyle
Assistant General Counsel
PA ID: 312084
Miles H. Shore
Deputy General Counsel
PA ID: 03274
The School District of Philadelphia
440 N. Broad St. Suite 313
Philadelphia, PA 19130
p. 215.400.5117

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DISABILITY RIGHTS PENNSYLVANIA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civ. No.: 17-4858 |
| | : | |
| **SCHOOL DISTRICT OF PHILADELPHIA,** et al., | : | |
| | : | |
| **Defendants** | : | |

## CERTIFICATION OF SERVICE

John J. Coyle hereby certifies that service of a true and correct copy of the Defendants' Answer to Plaintiff's Complaint with Affirmative Defenses was uploaded to ECF and thereby served upon all parties of record.


December 7, 2017

*/s/ John J. Coyle*
John J. Coyle
Assistant General Counsel
The School District of Philadelphia