IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISABILITY RIGHTS PENNSYLVANIA, | : |
| Plaintiff, | : |
| v. | : No. 17-cv-4858-NIQA |
| SCHOOL DISTRICT OF PHILADELPHIA, et al., | : |
| Defendants. | : |

**PLAINTIFF'S MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND COSTS**

Pursuant to Federal Rule of Civil Procedure 54 and 42 U.S.C. § 1988(b), Plaintiff, through its counsel, submits this Motion for an Award of Attorneys' Fees and Costs. The Court granted summary judgment in favor of Plaintiff, finding that Defendants violated 42 U.S.C. § 1983, the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 15401-15045, and the Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. §§ 10801-10827. The Court granted summary judgment in favor of Plaintiff and issued an Order requiring the Defendants to provide Plaintiff with the parent and guardian contact information it had requested pursuant to this lawsuit. Plaintiff thus is the prevailing party and, as such, it should be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b). Plaintiff requests an award of

$25,750.50 for attorneys' fees, which reflects the reasonable lodestar of its attorneys, as well as the $400 filing fee for a total award of $26,150.50.

In support of this Motion, Plaintiff submits the accompanying Memorandum of Law and Exhibits, which are incorporated by reference as if fully set forth herein.

                                      Respectfully submitted,

Dated:  April 11, 2019         By:   /s/ Gabriella Labella
                                              Gabriella Labella (PA 87858)
                                              Robin Resnick (PA 46980)
                                              Disability Rights Pennsylvania
                                              1315 Walnut Street, Suite 500
                                              Philadelphia, PA  19107-4705
                                              (215) 238-8070
                                              (215) 772-3126 (fax)
                                              glabella@disabilityrightspa.org

                                              Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISABILITY RIGHTS PENNSYLVANIA, | : |
| Plaintiff, | : |
| v. | : No. 17-cv-4858-NIQA |
| SCHOOL DISTRICT OF PHILADELPHIA, et al., | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiff Disability Rights Pennsylvania (DRP), through its counsel, submits this Memorandum of Law in support of its Motion for an Award of Attorneys' Fees and Costs in the amount of $26,150.50.  As the prevailing party on its claims pursuant to 42 U.S.C. § 1983, the Developmental Disabilities Assistance and Bill of Rights Act (the DD Act), 42 U.S.C. §§ 15401-15045, and the Protection and Advocacy for Individuals with Mental Illness Act (the PAIMI Act), 42 U.S.C. §§ 10801-10827, Plaintiff is entitled to an award of reasonable attorneys' fees and costs under 42 U.S.C. § 1988(b).  Since the fees and costs they seek are compensable and the amount reasonable, the Court should grant the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

DRP is the non-profit organization designated by the Commonwealth of Pennsylvania to protect the rights of and advocate on behalf of Pennsylvanians

with disabilities pursuant to the federal DD and PAIMI Acts. Levin Decl. ¶ 2 (Exh. A). After learning that the Defendants (collectively, the School District) had publicly stated that there were approximately 120 students on a "wait list for education services," DRP requested that the School District provide it with contact information for the parents or guardians of those students. Labella Decl. ¶¶ 2-3 (Exh. B.). The School District did not respond to that request or DRP's subsequent requests. DRP filed the Complaint in this matter in November 2017 to secure the contact information. *Id.* ¶ 3.

Early in this case, the parties had several discussions about resolving this matter efficiently and without unnecessary discovery. Labella Decl. ¶ 5. Initially, the parties agreed to negotiate stipulated facts based on which they could file cross-motions for summary judgment. *Id.* The parties agreed that DRP's counsel would draft proposed stipulations, and DRP's counsel did so. *Id.* Subsequently, however, the School District decided it would not stipulate to the facts. *Id.* The parties instead agreed that DRP would file a summary judgment motion and that the School District would file a motion for judgment on the pleadings, forgoing formal discovery pending disposition of those motions. *Id.* ¶ 6. Plaintiff then submitted a Motion for Summary Judgment (Doc. # 6) and the School District filed a Motion for Judgment on the Pleadings (Doc. # 7).

By Memorandum and Order dated March 28, 2019, the Court granted DRP's Motion for Summary Judgment and denied the School District's Motion for Judgment on the Pleadings. (Docs. ## 15, 16) The Court ruled that the DRP

4

was entitled to receive the requested contact information for the students on the wait list pursuant to the DD and PAIMI Acts and ordered the School District to produce that information.

DRP now files this Motion for an Award of Attorneys' Fees and Costs.

## ARGUMENT

### I. AS THE PREVAILING PARTY, DRP SHOULD BE AWARDED ATTORNEYS' FEES AND COSTS.

Under 42 U.S.C. § 1988(b), a court may authorize a "prevailing party" in a case filed under, *inter alia*, 42 U.S.C. § 1983 to recover reasonable attorneys' fees and costs.  Although Section 1988(b) refers to the court's discretion to award fees to a prevailing party, "'it is well-established that a prevailing party should recover an award of attorneys' fees absent special circumstances.'" *Truesdell v. Philadelphia Housing Auth.*, 290 F.3d 159, 163 (3d Cir. 2002) (citation omitted); *accord People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 232 (3d Cir. 2008).

A plaintiff is the "prevailing party" if he "'succeed[s] on any significant issue in litigation which achieves some of the benefits the part[y] sought in bringing suit.'"  *People Against Police Violence*, 520 F.3d at 232 (citation omitted).  "To 'succeed' under this standard, a party must achieve a 'court-ordered change in the legal relationship between the plaintiff and the defendant.'"  *Id.* (citations omitted); *see also Raab v. City of Ocean City*, 833 F.3d 286, 892 (3d Cir. 2016) (noting that the inquiries for determining prevailing party status are whether there

is a "'material alteration in the legal relationship of the parties'" and whether that alteration is "'judicially sanctioned'") (citations omitted).

It is beyond dispute that a plaintiff prevails when it secures a judgment on the merits. *Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 604 (2001). "A grant of summary judgment or a trial verdict in favor of the plaintiff is no doubt a 'judgment.'" *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 228 (3d Cir.) (en banc), *cert. denied*, 565 U.S. 977 (2011).

The Court's Memorandum and Order granting summary judgment in favor of DRP thus conferred prevailing party status on DRP. The Court's order requires the School District to provide DRP with the relief in sought in the Complaint, *i.e.,* the contact information for the parents and guardians of students on the wait list. In doing so, the Court materially altered the parties' legal relationship in a manner that is not only judicially sanctioned, but judicially mandated. As the prevailing party, DRP is entitled to an award of reasonable attorneys' fees and costs.

## II. THE ATTORNEYS' FEES AND COSTS REQUESTED ARE FAIR AND REASONABLE.

### A. The Lodestar of Plaintiff's Counsel Is Reasonable.

"Reasonable attorneys' fees are the product of the hours reasonably expended and the applicable hourly rate for the legal services," which is known as the "lodestar." *Public Interest Research Group of New Jersey, Inc. v. Windall*,

6

51 F.3d 1179, 1185 (3d Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *accord Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). "The lodestar is strongly presumed to yield a reasonable fee." *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996); *accord Bricklayers & Allied Craftworkers v. ARB Construction, Inc.*, No. 13-388, 2016 WL 4943254, at *8 (E.D. Pa. Sept. 15, 2016).

DRP attorneys' aggregate lodestar (drawn from contemporaneously-maintained time records) is $25,750.50, broken down as follows:

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Gabriella Labella | 3.6 | $350 | $ 1,260.00 |
| Robin Resnick | 50.5 | $435 | $21,967.50 |
| Kelly Darr | 1.5 | $435 | $   652.50 |
| Shanon Levin | 4.3 | $435 | $ 1,870.50 |

Levin Decl. ¶¶ 5, 7.  As discussed below, both the hours spent and the rates charged are reasonable.  The overall lodestar thus reflects a reasonable fee for the work conducted by Plaintiff's counsel.

### 1. The Time Spent by Plaintiff's Counsel Is Reasonable.

Plaintiff seeks reimbursement for a total of nearly 60 hours spent on this matter by its counsel.  Detailed breakdowns of the time spent by each attorney in the litigation are submitted as Exhibit C.  Time spent on this matter includes:  (1) investigating and researching Plaintiff's claims and drafting the Complaint; (2) drafting the Rule 26(f) report and participating in the Rule 26(f) conference; (3) researching and drafting the Motion for Summary Judgment and Memorandum of

Law in support of that Motion; (4) researching and drafting the Memorandum of Law in Opposition to the School District's Motion for Judgment on the Pleadings; and (5) researching and drafting the Motion for Attorneys' Fees and Memorandum of Law in support of that Motion.  Levin Decl. ¶ 9.

DRP's counsel strived to avoid unnecessary duplication of effort.  Levin Decl. ¶ 4.  Although multiple attorneys worked on this case, Ms. Resnick was responsible for the bulk of the work on the Complaint, motions, and briefing with input by Ms. Labella, who had greater familiarity with the factual issues relating to the wait list and particular expertise in the Individuals with Disabilities Education Act (IDEA).  *Id.* Legal Director, Ms. Darr, and Managing Attorney, Ms. Levin, provided input on the written work product as well as input into strategy.  *Id.*  In addition, DRP's Managing Attorney reviewed all the billing records in this case to exercise billing judgment, removing some time that arguably was non-compensable.  *Id.* ¶ 6.

DRP's counsel also successfully worked to minimize the time spent in this case.  DRP worked with Defendants' counsel to develop a means to resolve this matter without any formal discovery.  Labella Decl. ¶¶ 5-6.

DRP's overwhelming success in this case precludes any argument that the Court should reduce its fees.  The Court awarded DRP the relief it sought in this case – access to the contact information for the parents and guardians of students on the wait list and a determination that the School District violated

8

Section 1983, the DD Act, and the PAIMI Act by failing to provide DRP with that contact information.

### 2. **The Hourly Rates of Plaintiff's Counsel Are Reasonable.**

The hourly rates of DRP's counsel, set forth above, are reasonable.[1] "The court 'should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Maldonado*, 256 F.3d at 184; *accord Falkenstein v. Santander Bank*, No. 14-5994, 2015 WL 3439853, at *7 (E.D. Pa. May 27, 2015). Plaintiff's counsel's rates are an accurate reflection of their skill and experience as well as the prevailing rates in this community.

DRP's counsel's resumes, which reflect their experience, are submitted as Exhibits D through G. Ms. Resnick graduated from law school in 1986 and has practiced law for nearly than 33 years, including over 25 years at DRP (or its predecessors) where she has worked on numerous disability rights cases, including cases to enforce the DD and PAIMI Acts. Levin Decl. ¶ 12; Exh. D. Ms. Labella has practiced law for 18 years, including nearly 12 years at DRP and four years at the Education Law Center, and her practice has focused on IDEA cases. Levin Decl. ¶ 11; Exh. E. Ms. Levin has practiced law for nearly 19

---

[1] The rates sought by Plaintiff's counsel are their current hourly rates, Levin Decl. ¶ 7, in accordance with Third Circuit authority. *Lanni v. State of New Jersey*, 259 F.3d 146, 149-50 (3d Cir. 2001).

years, including two years as the Managing Attorney of DRP, and has extensive litigation experience. Levin Decl. ¶ 14; Exh. F. Ms. Darr has practiced law for about 22 years, including nearly 10 years at DRP the last eight of which she has served as DRP's Legal Director, and she has extensive experience in disability rights. Levin Decl. ¶ 13; Exh. G.

Plaintiff's counsel's rates accord with market rates for attorneys in the Philadelphia legal community who have comparable levels of skill and experience.[2] The Third Circuit and this Court have found that the Fee Schedule established by Community Legal Services "'to be a fair reflection of the prevailing market rates in Philadelphia.'" *Maldonado v. Houstoun*, 256 F.3d at 187 (citation omitted); *Falkenstein*, 2015 WL 3439853, at *8 (Quiñones Alejandro, J.); *Musa v. Soar Corp.*, No. 13-2847, 2015 WL 619615, at *3 (E.D. Pa. Feb. 12, 2015) (Quiñones Alejandro, J.). The rates of the DRP attorneys who worked on this case are significantly *lower* than rates appropriate for attorneys with comparable experience under the most recent Fee Schedule adopted by Community Legal Services (CLS) in Philadelphia dated July 1, 2018, *available at* https://clsphila.org/about-cls/attorney-fees. (Exh. H) According to the 2018 CLS Fee Schedule, attorneys with 16 to 20 years' experience, such as Ms. Labella and Ms. Levin, have hourly rates ranging from $475 to $530; attorneys with 21-

---

[2] While an attorney's "customary billing rate" charged to clients is usually the starting point, *see Miles*, 2015 WL 12752850, at *2, DRP is a non-profit organization that does not charge its clients for their services. Levin Decl. ¶ 2.

10

25 years' experience, such as Ms. Darr, have hourly rates ranging from $550 to $640; and attorneys with more than 25 years' experience, such as Ms. Resnick, have hourly rates ranging from $650 to $700.  DRP's counsel's rates are even consistent with or lower than the prior version of the CLS Fee Schedule dated September 12, 2014 (Exh. I), which provides that attorneys with 16 to 20 years' experience, such as Ms. Labella and Ms. Levin, charge hourly rates ranging from $435 to $505; attorneys with 21 to 25 years' experience, such as Ms. Darr, charge hourly rates ranging from $520 to $590, and attorneys with more than 25 years' experience, such as Ms. Resnick, charge hourly rates ranging from $600 to $650.

In addition, courts have previously approved the prior rates of Ms. Resnick and Ms. Darr.  *Mosley v. Alexander*, No. 2:11-cv-02615-CMR, Order (E.D. Pa. Nov. 27, 2012) (approving Ms. Resnick's then-current hourly rate of $400) (Exh. J); *See M.Z. v. Bethlehem Area School Dist.*, No. 11-2313, Order at 2 n.1 (E.D. Pa. Dec. 7, 2011) (approving Ms. Darr's then-current hourly rate of $355) (Exh. K); *Jimmie v. Dep't of Public Welfare*, No. 3:09-CV-1112, 2010 WL 4977331, at *3-*4 (M.D. Pa. Dec. 2, 2010) (approving Ms. Resnick's then-current hourly rate of $380); *Kerrigan v. City of Philadelphia*, No. 07-cv-687, Order (E.D. Pa. July 20, 2009) (approving Ms. Resnick's then-current hourly rate of $320) (Exh. L).

### B. Plaintiff's Costs Are Reasonable.

Plaintiff only seeks reimbursement of the $400 filing fee in this matter.  The filing fee is a compensable cost under 28 U.S.C. § 1920(1).

## **CONCLUSION**

For all the reasons set forth above, Plaintiff respectfully requests that the Court award their counsel attorneys' fees and costs in the amount of $26,150.50.

                                            Respectfully submitted,

Dated:  April 11, 2019        By:   /s/ Gabriella Labella
                                                       Gabriella Labella (PA 87858)
                                                         Robin Resnick (PA 46980)
                                                         Disability Rights Pennsylvania
                                                         1315 Walnut Street, Suite 500
                                                         Philadelphia, PA  19107-4705
                                                         (215) 238-8070
                                                         (215) 772-3126 (fax)
                                                         glabella@disabilityrightspa.org

                                                         Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Robin Resnick, hereby certify that Plaintiff's Motion for an Award of Attorneys' Fees and Costs, Memorandum of Law and Exhibits in support of that Motion, and proposed Order were filed on April 11, 2019 with the Court's ECF system and are available for viewing and downloading from the ECF system by the following counsel who consented to electronic service:

> Bonnie M. Hoffman, Esquire
> Hangley Aronchick Segal Pudlin & Schiller
> One Logan Square, 27th Floor
> Philadelphia, PA  19103

/s/ Robin Resnick
Robin Resnick